UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

HELMUTH LEHMANN,

    Plaintiff,

v.

LIFE INSURANCE COMPANY OF NORTH AMERICA,

    Defendant.

3:12-cv-0097-LRH-VPC

ORDER

    Before the court is defendant Life Insurance Company of North America's ("LINA") motion to dismiss. Doc. #12.[1] Plaintiff Helmuth Lehmann ("Lehmann") filed an opposition (Doc. #13) to which LINA replied (Doc. #14).

## I.    Facts and Procedural History

    Plaintiff Lehmann is a former employee of non-party Bertelsmann, Inc. ("Bertelsmann") in Reno, Nevada. While employed at Bertelsmann, Lehmann was covered under a group disability insurance policy.

    On July 14, 2010, Lehmann was terminated. After his termination, Lehmann submitted an application to LINA to convert his group health coverage to an individual disability insurance policy which LINA approved.

---

[1] Refers to the court's docket entry number.

In November 2010, Lehmann submitted a long term disability claim under the converted policy. LINA denied the claim contending that Lehmann was not eligible to convert his group coverage policy to an individual policy and that it had issued the policy in error.

Subsequently, Lehmann filed a complaint for breach of contract and other state law claims. Doc. #1, Exhibit B. Thereafter, LINA filed the present motion to dismiss. Doc. #12.

**II.   Discussion**

In its motion to dismiss, LINA argues that Lehmann's state law claims are preempted by the Employee Retirement Income Security Act of 1974 ("ERISA") because the right to convert group coverage to an individual policy is governed by ERISA. *See* Doc. #12. In opposition, Lehmann requests leave to amend his complaint to add a claim under ERISA to allow the court to determine whether the group coverage policy was properly converted to an individual policy. *See* Doc. #13.

A party may amend its pleadings after a responsive pleading has been filed by leave of court. FED. R. CIV. P. 15(a)(2). Leave of court to amend should be freely given when justice so requires and when there is no undue delay, bad faith, or dilatory motive on the part of the moving party. *See Wright v. Incline Village General Imp. Dist.*, 597 F.Supp.2d 1191 (D. Nev. 2009); *DCD Programs, LTD v. Leighton*, 883 F.2d 183 (9th Cir. 1987).

Here, Lehmann requests leave to amend his complaint to supplement the allegations in his complaint and add an additional claim under ERISA. *See* Doc. #13. The court finds that there is no undue delay, bad faith, or dilatory motive on behalf of Lehmann in requesting leave to amend his complaint. Further, the court finds that the matter is early in litigation and that LINA would not be prejudiced by allowing amendment. Accordingly, the court shall grant Lehmann's request for leave to amend his complaint.

///

///

///

IT IS THEREFORE ORDERED that defendant's motion to dismiss (Doc. #12) is DENIED without prejudice.

IT IS FURTHER ORDERED that plaintiff Helmuth Lehmann shall have ten (10) days from entry of this order to file an amended complaint.

DATED this 17th day of July, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE