UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

HELMUTH LEHMANN,

    Plaintiff,

v.

LIFE INSURANCE COMPANY OF NORTH AMERICA,

    Defendant.

3:12-cv-0097-LRH-VPC

ORDER

Before the court is defendant Life Insurance Company of North America's ("LINA") renewed motion to dismiss. Doc. #17.[1] Plaintiff Helmuth Lehmann ("Lehmann") filed an opposition (Doc. #19) to which LINA replied (Doc. #29).

I. **Facts and Procedural History**

Plaintiff Lehmann is a former employee of non-party Bertelsmann, Inc. ("Bertelsmann") in Reno, Nevada. While employed at Bertelsmann, Lehmann was covered under a group disability insurance policy.

On July 14, 2010, Lehmann was terminated. After his termination, Lehmann submitted an application to LINA to convert his group health coverage to an individual disability insurance policy which LINA approved. In November 2010, Lehmann submitted a long term disability claim under the converted policy. LINA denied the claim contending that Lehmann was not eligible to convert his group coverage policy to an individual policy and that it had issued the individual

---

[1] Refers to the court's docket entry number.

policy in error.

Subsequently, Lehmann filed a complaint for breach of contract and other state law claims. Doc. #1, Exhibit B. In response, LINA filed a motion to dismiss (Doc. #12) which was denied by the court to allow Lehmann to file an amended complaint (Doc. #15).

On July 26, 2012, Lehmann filed an amended complaint alleging claims under the Employee Retirement Income Security Act of 1974 ("ERISA"), as well as state law claims. Doc. #16. Thereafter, LINA filed the present renewed motion to dismiss. Doc. #17.

## II.  Discussion

In its renewed motion to dismiss, LINA argues that Lehmann's state law claims are preempted by ERISA and should therefore be dismissed. *See* Doc. #17. Specifically, LINA argues that the underlying right to convert the group coverage to an individual policy is governed by ERISA, and therefore, the issue before the court is whether Lehmann had a right to convert his group policy to an individual policy.

The court agrees that ERISA governs whether the group coverage policy was properly converted to an individual policy. However, the court also finds that if the group policy was properly converted to an individual policy, then the alleged state law claims would not be preempted. *See Waks v. Empire Blue Cross/Blue Shield*, 263 F.3d 872, 877 (9th Cir. 2001) (holding that state-law claims arising under a converted policy are not preempted by ERISA). Further, the court cannot, based solely on the allegations in the complaint, find that Lehmann did not have a properly converted individual policy. Accordingly, the court shall deny LINA's renewed motion to dismiss.

IT IS THEREFORE ORDERED that defendant's motion to dismiss (Doc. #17) is DENIED.

DATED this 27th day of November, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE